# In the United States Court of Federal Claims

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**KEVIN M. STEIN,**

    **Plaintiff,**

  **v.**

**UNITED STATES,**

    **Defendant.**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**No.  10-170C**
**Filed: March 31, 2015**

## O R D E R

On February 27, 2015, the court issued an opinion in the above-captioned case. Granting defendant's motion to dismiss in part, the court concluded that plaintiff is entitled to back pay and allowances for the 26 days between his wrongful discharge on March 19, 2004 and the expiration of his enlistment on April 14, 2004. On March 27, 2015, the parties filed a joint status report regarding calculation of plaintiff's back pay. The joint status report indicated that:

> The Defense Finance and Accounting Service (DFAS) calculated that, had plaintiff not been discharged on March 19, 2004, and thereby permitted to serve until the expiration of his enlistment on April 14, 2004, he would have earned 25 days of additional pay and allowances. Although there are 26 calendar days between these two dates, there are only 25 days that are computed for pay purposes.

> In accordance with 5 U.S.C. § 5505, which requires the 31st day of each month to be "ignored for computing pay," DFAS did not include March 31, 2004 in its calculation. Based upon plaintiff's paygrade and time in service, DFAS calculated that plaintiff would have received a gross amount of $3,524.17 in pay and allowances, before tax and benefit deductions. Deductions reduce the amount to $3,230.63. Factoring in contributions to Social Security and Medicare benefits would increase the amount to $3,700.33, which reflects the dollar value of the back pay. These figures do not include interest because interest is not available to plaintiff.

(footnote omitted).[1]

---

[1] The joint status report also reflected the calculations "[i]f the Court finds that plaintiff should have been paid for a 26th day, notwithstanding the provisions of 5 U.S.C. §5505 and DoD FMR, Vol. 7a."  The court believes, however, that the provisions cited by defendant govern.  The court, therefore, does not address the alternative amounts.

The court agrees that plaintiff earned 25 days of additional pay and allowances. Therefore, plaintiff is entitled to $3,700.33, and the Clerk of the Court shall enter **JUDGMENT** in favor of plaintiff in the amount of $3,700.33.

      **IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**
